[Cite as *Alexander v. Alexander*, 2016-Ohio-5048.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| CINDA L. ALEXANDER | : | |
| | : | Appellate Case No. 26730 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2010-DR-697 |
| v. | : | |
| | : | (Domestic Relations Appeal from |
| CURTIS E. ALEXANDER | : | Common Pleas Court) |
| | : | |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of July, 2016.

. . . . . . . . . .

REBEKAH S. SINNOTT, Atty. Reg. No. 0072093, Law Offices of Rebekah S. Sinnott, LLC, Post Office Box 655, Urbana, Ohio 43078
     Attorney for Plaintiff-Appellant

JEFFREY D. SLYMAN, Atty. Reg. No. 0010098, 211 Kenbrook Drive, Suite 5, Vandalia, Ohio 45377
     Attorney for Defendant-Appellee

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Plaintiff-appellant Cinda Alexander appeals from a judgment and decree of divorce requiring her to pay spousal support to her ex-husband, Curtis Alexander. Ms.

Alexander contends that awarding support to Mr. Alexander, and failing to award her any spousal support, constitutes an abuse of discretion. She further contends that the trial court abused its discretion in setting the beginning date of the support owed to Mr. Alexander.

{¶ 2} We conclude that the trial court did not abuse its discretion with regard to the amount of spousal support. If the trial court erred by requiring Ms. Alexander to pay support prior to the date her income increased, that error was invited by Ms. Alexander, whose counsel prepared the judgment entry. Accordingly, the judgment of the trial court is Affirmed.

## I. The Course of Proceedings

{¶ 3} The parties were divorced in in 2012. Of relevance hereto, the trial court awarded spousal support to Ms. Alexander, and failed to divide Mr. Alexander's pension. Ms. Alexander appealed. We reversed the judgment of the trial court and remanded the cause for the division of Mr. Alexander's pension, and for consideration of that division in determining spousal support. *Alexander v. Alexander*, 2d Dist. Montgomery No. 25687, 2014-Ohio-131.

{¶ 4} After the hearing on remand, the trial court entered judgment dividing both parties' pensions. The trial court further determined that the division of Mr. Alexander's pension resulted in an income discrepancy, with Ms. Alexander having an annual income approximately $15,000 greater than Mr. Alexander. Therefore, the trial court ordered Ms. Alexander to pay spousal support in the amount of $450 per month for a period of 90 months. Ms. Alexander appeals.

## II. The Trial Court Did Not Abuse its Discretion

## in Ordering Spousal Support

{¶ 5} Ms. Alexander's First Assignment of Error states:

THE TRIAL COURT'S AWARD OF SPOUSAL SUPPORT TO APPELLEE AND FAILURE TO AWARD SPOUSAL SUPPORT TO APPELLANT CONSTITUTES AN ABUSE OF DISCRETION.

{¶ 6} Ms. Alexander contends that the trial court failed to consider all of the factors relevant to an award of spousal support, and that its decision therefore constitutes an abuse of discretion.

{¶ 7} "Trial courts have broad discretion regarding spousal support orders. Accordingly, an appellate court ordinarily will not disturb those orders absent an abuse of discretion. A trial court abuses its discretion when the court's attitude was unreasonable, arbitrary, or unconscionable." *Young v. Young*, 2d Dist. Darke No. 2012 CA 1, 2012-Ohio-5310.

{¶ 8} The court's exercise of discretion is governed by R.C. 3105.18(C), which mandates that the court consider all of the relevant factors set forth in that statute when making awards of spousal support. That statute provides, in pertinent part:

(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

(a) The income of the parties, from all sources, including, but not

limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal

support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

{¶ 9} The trial court's main focus was on the parties' income, which consisted of Mr. Alexander's retirement benefits, and Ms. Alexander's disability benefits. As noted in our prior decision, these are the parties' only assets. *Alexander*, *supra,* at ¶ 21. The court noted that Ms. Alexander receives approximately $1,915 per month in disability benefits. According to the record, these benefits will convert to retirement benefits in 2025, at which point Mr. Alexander will begin receiving his marital portion thereof. Mr. Alexander receives approximately $3,604 in monthly retirement benefits. The court found that as a result of the division of Mr. Alexander's pension, Ms. Alexander will receive approximately $1,500 per month.[1] This effectively increases Ms. Alexander's monthly income to $3,415, and reduces Mr. Alexander's to $2,104.

{¶ 10} In an effort to equalize that income, the trial court, awarded monthly support to Mr. Alexander in the sum of $450. This amount still leaves Ms. Alexander with approximately $400 more per month than Mr. Alexander. Furthermore, the support obligation ends before either party will receive any portion of Ms. Alexander's pension benefits. Thus, there will be a time during which Ms. Alexander will receive approximately $1,300 more than Mr. Alexander in monthly income.

---

[1] Ms. Alexander implies that this amount is incorrect. However, she failed to dispute that amount in the trial court, and she fails to cite any evidence to the contrary in her brief.

{¶ 11} Ms. Alexander notes that Mr. Alexander is in his early 50's, that he took an early retirement after 27 years of employment within the state prison system, that he has an Associate's Degree in Real Estate, and that he worked as a truck driver after retirement.[2] She contends that the the trial court should have taken note that he is capable of working, while she is not.

{¶ 12} There is no evidence in this record that Mr. Alexander retired in order to avoid paying support. In fact, he had retired at the time the original divorce decree was issued. In our prior opinion, we noted that Ms. Alexander "failed to challenge her husband's reasons for retiring, and also failed to present evidence [that Mr. Alexander was working or that he had quit working in order to avoid paying spousal support.]" *Alexander*, *supra*, at ¶ 40. There is no evidence that he maintained any long-term employment after the divorce, and there is no evidence that he quit any job in order to avoid paying spousal support. In fact, Mr. Alexander did pay support until the time his pension was divided, and the trial court issued the orders resulting in this appeal.

{¶ 13} From our review of the record, we conclude that the trial court did not fail to consider the appropriate factors regarding support. We find no abuse of discretion with regard to the decision to award Mr. Alexander spousal support, nor as to the amount of spousal support ordered.

{¶ 14} The First Assignment of Error is overruled.

---

[2] Mr. Alexander did work as a truck driver for a short while, but decided not to continue, because the pay was low, and he did not like the company. He has not worked since.

**III. Any Error in the Setting of the Date for the Commencement of Spousal Support Was Invited by Ms. Alexander, whose Counsel Prepared the Judgment Entry**

{¶ 15} Ms. Alexander's Second Assignment of Error is as follows:

THE TRIAL COURT'S DECISION GRANTING SPOUSAL SUPPORT PRIOR TO THE PREPARATION AND FILING OF A DIVISION OF PROPERTY ORDER CONSTITUTED AN ABUSE OF DISCRETION.

{¶ 16} Ms. Alexander contends that the trial court ordered that the effective date of her spousal support obligation would commence prior to the filing of the documents necessary to divide the parties' pensions. She contends that the trial court has essentially ordered her to pay support before she receives income from the division of Mr. Alexander's pension. Counsel for Ms. Alexander prepared the Amended Final Judgment setting forth the date for the onset of the support payments. Thus, it appears that any error in the setting of the date for the commencement of Ms. Alexander's support obligation was invited by her. The Final Judgment also indicated that the parties were required to execute the proper documentation for the division of the pensions. Thus, counsel should have been aware that Ms. Alexander would not receive any additional income from the pension until after the effective date of her support obligation. Ms. Alexander also contends that the effective date for the support obligation was set by the trial court during a telephone conference with counsel. There is no indication that counsel raised any objection to the date.

{¶ 17} The Second Assignment of Error is overruled.

## IV. Conclusion

{¶ 18} Both assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH and WELBAUM, JJ., concur.

Copies mailed to:

Rebekah S. Sinnott
Jeffrey D. Slyman
Hon. Timothy D. Wood